# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ALEXANDER J. WILLIAMS., individually and as next friend of XW, minor;** | § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § | **CASE NO.**: 4:23-CV-00302 |
| **DEPUTY BOLIN** individually, and in his official capacity; **DEPUTY DANIEL KERRIGAN** individually, and in his official capacity; **A. MACIAS** individually, and in his official capacity; **HARRIS COUNTY, TEXAS; HARRIS COUNTY SHERIFF ED GONZALEZ** individually, and in his official capacity, | § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, ALEXANDER J. WILLIAMS individually, and as the parent and next friend of minor X.W. brings this lawsuit under 42 U.S.C **§** 1983 and raising supplemental state-law claims concerning the actions of defendants: Deputy BOLIN, Deputy KERRIGAN, and Deputy A. MACIAS, JOHN DOE, HARRIS COUNTY, TEXAS, and SHERIFF ED GONZALEZ in unlawfully arresting, maliciously prosecuting, and using excessive and unreasonable force against plaintiffs ALEXANDER and minor XW. The actions and conduct of the defendants deputies are the result of a policy, practice, custom, and deliberate

**1**

indifference on the part of the defendant, Harris County Sheriff's Office.

## INTRODUCTION

1.      Plaintiff, ALEXANDER J. WILLIAMS, individually, and as the next friend to minor XW, brings this civil action for compensatory damages against Defendants BOLIN, KERRIGAN, MACIAS, SUPERVISOR JOHN DOE, HARRIS COUNTY, and SHERIFF ED GONZALEZ in their official capacities, and punitive damages against Defendants BOLIN, KERRIGAN, MACIAS, JOHN DOE, and SHERIFF ED GONZALEZ for violating the plaintiffs' civil rights under the Fourth and Fourteenth Amendments denying equal protection under the laws of the United States Constitution.

## JURISDICTION

2.      This Court has federal jurisdiction pursuant to 28. U.S.C. 1331 (federal question), 1343 (civil rights), 42 U.S.C. 1983 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. This Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367(a).

## VENUE

3.      Venue is proper in this Court because the incidents at issue took place in Harris County, Texas, within the United States Southern District of Texas. This suit arises from the unreasonable search and seizure, and excessive force inflicted by the Harris County Sheriff's Office.

## PARTIES

4.      Plaintiff, ALEXANDER I. WILLIAMS, is above the age of nineteen, and at all times relevant to this Complaint was a resident of Harris County, Texas. He is the father of and legal guardian for his son, X.W..

5.      Plaintiff, X.W. is a minor and at all times relevant to this complaint was a resident of Harris County, Texas.

6.      Defendant, DEPUTY C. BOLIN at all relevant times was acting under color of law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office as a deputy. He is sued in his official capacity for punitive and compensatory damages. He can be served at the Harris County Sheriff's Office - 1200 Baker Street, Houston, Texas 77002 or wherever he may be found.

7.      Defendant, DEPUTY DANIEL KERRIGAN, at all relevant times was acting under color of law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office as a Senior Deputy. He is sued in his official capacity for punitive and compensatory damages. He can be served at the Harris County Sheriff's Office - 1200 Baker Street, Houston, Texas 77002 or wherever he may be found.

8.      Defendant, DEPUTY A. MACIAS at all relevant times was acting under color of law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office as a Deputy 1. He is sued in his official capacity for punitive and compensatory damages. He can be served at the

Harris County Sheriff's Office - 1200 Baker Street, Houston, Texas 77002 or wherever he may be found.

9.      Defendant, SUPERVISOR JOHN DOE, at all relevant times was acting under color of law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office as the Harris County Sheriff's Office District 4 Crime Reduction Unit supervisor. He is sued in his official capacity for punitive and compensatory damages. He can be served at the Harris County Sheriff's Office - 1200 Baker Street, Houston, Texas 77002 or wherever he may be found.

10.      Defendant, HARRIS COUNTY SHERIFF ED GONZALEZ is an individual who may be served with a citation at his place of employment, Harris County Sheriff 's Office or wherever he may be found. Sheriff Gonzalez is being sued in his official capacity and official capacity at all times relevant to this case acted under the color of law.

11.      Defendant, HARRIS COUNTY, is a municipality in Texas. Harris County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case, acted under the color of law. Harris County may be served with citation through the Harris County Judge or wherever he may be found.

**FACTS**

12.      On the afternoon of Tuesday, May 10, 2022, Mr. Alexander Williams picked up his three-year-old son, X.W. from daycare.

13. To reward his son for a good day at school, Mr. Williams stopped by the Pick-Quick Mini Market located at 5820 Hwy 6 North in Houston, Texas.

14. Upon pulling into the strip center, Mr. Williams noticed 3 patrol units and several officers doing something in the far corner of the strip center. Having no bearing on him or his son, the two parked and entered the store.

15. While at the counter purchasing candy and two canned sodas, Mr. Williams noticed the patrol units had pulled in front of the store.

16. After observing the officers and waiting a few minutes for them to leave, the store clerk rang Alex's items up and he paid.

17. Once in the parking lot, Mr. Williams noticed that his car was blocked in by the patrol units, especially the last patrol SUV driven by Deputy Kerrigan.

18. With his son's safety as his primary concern, Mr. Williams put the toddler in the car and proceeded to politely ask Deputy Kerrigan if he could move so the two could be on their way home.

19. In a disrespectful manner, Kerrigan emphatically responded, "are you going to get that truck registered?" To which Mr. Williams replied, "yes sir". This calm response apparently diffused the situation, and Kerrigan began to move his truck allowing Mr. Williams and XW to leave peacefully.

20. As Mr. Williams returned to his car and son, Deputy Bolin stormed around his patrol vehicle towards Mr. Williams began loudly berating him as to what he was doing at this store, why he was there, and demanding he show

his driver's license, although Mr. Williams was on private property, was not driving, or committing a crime.

21.    To his own admission, Bolin overreacted to Mr. Williams' poor parking skills on the private property. His vehicle was not completely in its space, and was slightly over the line separating one space from the space next to the handicapped parking spot.

22.    He alleged his mistake was due to believing that Mr. Williams was another Black man who Bolin had just confronted in the same parking lot in the past. Bolin's mistake of fact would have been equally as unconstitutional toward any Black man or any person.

23.    Mr. Williams assertively responded that he was trying to leave, while informing Bolin that he was not a criminal just because he was at this store.

24.    In the process of correctly providing Bolin his full name, driver's license number, and address; Bolin grabbed Mr. Williams by the wrist, slammed him against the back of Mr. Williams's car, and said he was being detained.

25.    Mr. Williams was being detained for no reason whatsoever. His detention was unlawful since a parking violation on private property as Mr. Williams on the date in question. Parking violations do not rise to the level of even a traffic violation.

26.    Having dealt with unreasonable officers in the past, Mr. Williams did not resist arrest, but promptly informed the deputies that his three year old son

was in the back seat of his truck parked in front of the convenience store. He further advised that a loved one needed to be called to pick his three-year-old up from the store.

27.     Bolin ignored him and unfoundedly said, "stop pushing off the truck," as though he were attempting to paint a false visual narrative based on his proclamations since Mr. Williams was not pushing off the truck. Bolin then threw Mr. Williams to the ground while in handcuffs.

28.     At this time Kerrigan exited his patrol car, and both began to physically assault Mr. Williams while he was on the ground in handcuffs.

29.     After beating him, Kerrigan put Mr. Williams in the patrol car and punched him with a closed fist multiple times, while Bolin simultaneously pulled the chain-link of the handcuffs from the other side of the back seat.

30.     Mr. Williams was not a threat of harm to any officer or individual on the scene.

31.     Mr. Williams had not committed a crime to warrant the need to detain or the unreasonable use of force.

32.     In spite of his suffering, Alex's primary concern was the safety and security of his three-year-old son, minor XW, who remained in the back of his truck, crying and in fear as his father was attacked.

33.    Mr. Williams, concerned about his 3-year-old son, again asked the officers to allow him to call a family member to pick up the child who was in a complete state of panic and distress. This request was again ignored.

34.    Thankfully, a bystander good Samaritan, who was recording the events, asked Mr. Williams for the number, and called XW's grandmother who arrived sometime later.

35.    While conducting a search of Mr. Williams information in their computer system, another civilian (White-Male) approached Bolin, and asked him about moving his squad car, and Bolin responded to this individual with respect and did not handcuff him or demand any proof of insurance or otherwise blow the situation out of control. The only difference between Williams and the other gentleman was their race.

36.    To further illustrate Bolin's ulterior racially motivated motives, another vehicle was parked on the other side of the handicap space in a similar manner but without issue.

37.    As a demonstration of their willingness to openly violate the law, the deputies pulled Mr. Williams out of the car and said, "smile for the camera", then immediately ordered him back in the car.

38.    Harris County Sheriff's Office have put together special elite units around Harris County to harass intimate individuals engaged in lawful conduct based on their race. Each special elite unit has a supervisor, Ed Gonzalez has

**8**

delegated his supervisory duties to each of those supervisors. The special elite is referred to and known as the "jump out boys" they operate with little meaningful oversight.

39.     These unit members are known not just for constitutional violations but crimes.

40.     Rawltyn Hart had loaded a Ruger LCP 380 handgun with the serial number scratched off and had been found inside of his patrol vehicle' s driver's- side door panel; he remains on the force as a "jump out boy."

41.     Mr. Williams asked the deputies what he was being arrested for, to which deputy Bolin's only response was to further punch and assault Alex.

42.     Sometime later, Mr. Williams was seat belted by a third deputy and taken to the Harris County Jail where he was treated for his injuries and detained until he made bail on Friday, May 13, 2022.

43.     On May 18, 2022, all criminal charges against Mr. Williams were immediately dismissed upon arraignment on grounds that no probable cause existed.

44.     Harris County's policies and practices are the moving force behind Mr. Williams's civil rights being violated.

45.     Ed Gonzalez, Harris County's policymaker for law enforcement, promoted, adopted, and ratified the unconstitutional conduct involving unlawful arrest of his officers by failing to train, re-train, supervise, or

discipline officers that violate any written policies against unconstitutional conduct rendering the policies not policies at all.

46.     The unlawful arrest of citizens is achieved by alleging certain and particular offenses like resisting arrest, evading arrest, trespassing, loitering, and interference with public duties.

47.     These offenses are most often officer-initiated, do not require a third-party complainant, or are achieved without a third party complainant if required.

48.     The particular offenses require the finder of fact to weigh the citizen's word and credibility against the officer complainant where officers have a great advantage, unless there is no probable cause for the arrest.

49.     Harris County's practice of ratifying these unlawful arrests by failing to discipline deputies who engage in the unconstitutional practice and failing to train its officers against the unlawful practice.

50.     In fact, Harris county promotes the practice by failing to supervise the arrests made by its officers that do not have third party witnesses by a simple review of body camera footage before the destruction of the body camera footage of the events that led up to the officer-initiated arrest.

51.     Officer-initiated unlawful arrests without a third-party complainant could be prevented by Sheriff Ed Gonzalez requiring supervisors, like John Doe, to supervise the officers at the time of the arrest and requiring the supervisor's

direct approval of an arrest of this nature that is officer initiated to ensure the arrest is made with probable cause, and not in retaliation if training or retraining is unavailable.

52.    Ed Gonzalez are personally responsible, accountable, and involved in the unconstitutional conduct of his officers by adopting and ratifying the actions of his deputies.

53.    These unconstitutional practices and policies by Harris County deputies, promoted and ratified by Harris County through its policymaker Ed Gonzalez, were widespread and the moving force behind Mr. Williams's constitutional rights being violated.

54.    For example, between the time Mr. Williams was arrested and Sheriff Gonzalez came into office at least 48 individuals were arrested without probable cause based on the allegations in the filed criminal complaint.

55.    On April 29, 2022, IMARI INA KIDD (BF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on May 06, 2022.

56.    On 04/27/2022, ALEXANDER A. VALESCO (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris

County District Attorney's office was forced to dismiss the case in the defendant's favor on 12/05/2022.

57.     On 04/25/2022, XIOMARA FRANCISCA INTERIANO (HF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 12/19/2022.

58.     On 04/23/2022, LUIS ANTONIO GONZALEZ (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 12/14/2022.

59.     On 04/21/2022, HOPE MARIE MOYA (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 04/29/2022.

60.     On 04/23/2022, CHRISTOPHER RONALD PALMER (BM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The

Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 09/12/2022.

61.    On 04/19/2022 , JESSICA MARTINEZ (HF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 12/21/2022.

62.    On 04/16/2022, ABDIEL ALVARADO (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 04/22/2022.

63.    On 04/16/2022, CHAVON LEVENSTONE (BF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 09/28/2022.

64.    On 04/13/2022, ERIC JAMES WALKER (BM) was arrested by Bolin the same officer who falsely arrested Mr. Williams also for interference with public duties without probable cause based on the allegations in the filed criminal

complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 04/20/2022.

65.    On 04/10/2022, JAHCORRIAN BURKES (BM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 01/19/2023.

66.    On 04/11/2022,EMMANUEL ALEXANDER MENDOZA (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 10/25/2022.

67.    On 04/8/2022, EDGAR ALVAREZ GALICIA (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 5/11/2022.

68.    On March 30, 2022, MARISOL PORTILLO (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County

District Attorney's office was forced to dismiss the case in the defendant's favor on 11/10/2022.

69.     On 03/29/2022, JOSE BRANDON IBARRA (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 12/13/2022.

70.     On 03/22/2022, STERLING FELDER was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 11/15/2022.

71.     On 03/15/2022, ADAM THOMAS LONGORIA III (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 03/22/2022.

72.     On 03/13/2022, SASHA ARGUDIN (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County

District Attorney's office was forced to dismiss the case in the defendant's favor on 06/07/2022.

73.    On 03/07/2022, CHRISTOPHER IAN HAIR was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 06/09/2022.

74.    On 03/06/2022, ZACHERY SHANE VILLEGAS (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 08/08/2022.

75.    On 03/07/2022, MARIO SALAZAR JR (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 03/14/2022.

76.    On 03/01/2022, HUMBERTO LOPEZ-HIGUERA (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris

County District Attorney's office was forced to dismiss the case in the defendant's favor on 08/12/2022.

77.    On 02/26/2022, CARMEN MARTINEZ (HF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 09/27/2022.

78.    On 02/21/2022, DAVINA RENEE WILLIAMS (BF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 04/05/2022.

79.    On 02/21/2022, ANGELICA ALCANTAR (HF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 08/04/2022.

80.    On 02/19/2022, EFRAIN AGUAYO (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County

District Attorney's office was forced to dismiss the case in the defendant's favor on 02/24/2022.

81.     On 02/18/2022, CHARAF MOHAMAD (BM) was arrested by was arrested by Macias the same officer who falsely arrested Mr. Williams also for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 01/05/2023.

82.     On 02/16/2022, TIMOTHY WRIGHT (BM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 02/25/2022.

83.     On 02/15/2022, GUILLERMO RIVERA (HF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 09/27/2022.

84.     On 02/14/2022,FATIMA EVELYN ARGUETA (HF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris

County District Attorney's office was forced to dismiss the case in the defendant's favor on 02/21/2022.

85.    On 02/11/2022, YAKERRIA LASHAY WILLIAMS (BF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 06/10/2022.

86.    On 02/11/2022,YAKERRIA LASHAY WILLIAMS (BF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 06/10/2022.

87.    On 02/09/2022, JAMES ORTIZ (HM) was arrested by Bolin the same officer who falsely arrested Mr. Williams also for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 09/02/2022.

88.    On 02/03/2022, PHYLLIS JOLLY(BF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County

District Attorney's office was forced to dismiss the case in the defendant's favor on 12/07/2022.

89. On January 28, 2022, MORGAN ARMAND GILFORD (BM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 02/10/2022.

90. On 01/26/2022, MEGAN HUYNH (AF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 05/09/2022.

91. On 01/24/2022 ,GREGORY WILLIAMS (BM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 11/10/2022.

92. On 01/22/2022,DANA GABRIELA GUERRA (HF)was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris

County District Attorney's office was forced to dismiss the case in the defendant's favor on 10/24/2022.

93.　　On 01/22/2022,WILLIAM SHERMAINE SANDERS(BF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 06/28/2022.

94.　　On 01/22/2022, DHEJA SMITH (BF)was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 01/24/2022. On 01/18/2022,LORENZO GONGORA was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 12/02/2022.

95.　　On 01/15/2022, DAKOTA BAYARD (WF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 11/22/2022.

96.    On 01/15/2022, SHAKA CURTIS BARNES (BM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 04/05/2022.

97.    On 01/10/2022, OCTAVIO TREVINO was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 04/05/2022.

98.    On 01/08/2022, MARION LEMARK MCINTOSH (BM)was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 01/10/2022.

99.    On 01/08/2022, ERIC KEITH THOMAS JR (BM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 01/14/2022.

100.    On 01/08/2022, MYLES LEE WALLACE (BM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 01/14/2022.

101.    On 01/08/2022, DEREK HERNANDEZ (HM) was arrested by Bolin the same officer who falsely arrested Mr. Williams also for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 09/29/2022.

102.    On 01/02/2022, SEMAJ ANDERSON (BM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 06/21/2022.

103.    On 01/01/2022, DEMETRIUS DEON MCDONALD(BM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 01/07/2022.

104.    On 7/18/2018,CALDWELL, ANTHONY EARL was arrested by the HCSO deputies for Evading arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 3/19/2020. On 7/17/2018,ANAH, PAUL FUMNANYA was arrested by the HCSO deputies for Evading arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 6/30/2020. On 7/15/2018,ALBARRAN, MIGUEL ANGEL was arrested by the HCSO deputies for Evading arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 6/30/2020.

105.    On 7/14/2018, PRADIA, NATHANIEL JUDES was arrested by the HCSO deputies for Evading arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 11/8/2021. On 7/14/2018,QUEEN, MICHAEL DAVID was arrested by the HCSO deputies for Evading arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor

on 4/7/2020. On 7/12/2018,TORRES, GILBERT was arrested by the HCSO deputies for Evading arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/27/2018. On 7/9/2018,ALEXANDER, KHALON was arrested by the HCSO deputies for evading arrest without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 2/12/2019.

106.   On 7/9/2018, HUTSON, TODD ANTHONY JAMES (BM) was arrested by the HCSO deputy, GIBBS, GARY for Interference with emergency request for assistance without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 2/10/2020.

107.   On 7/9/2018, MARTINEZ, DANIEL (HM) was arrested by the HCSO deputies for Evading arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 9/4/2019.

108.   On 7/7/2018, MCCUTCHEON, DENECIA (BF) was arrested by the HCSO deputy REINERT, JORDAN  for Evading arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The

Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/9/2018.

109. On 7/7/2018, WARNER, RENOIR DONYALE (BM) was arrested by the HCSO deputy, GONZALEZ, RUBEN for Evading arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/9/2018.

110. On 7/5/2018, VICENTE, DEAJA was arrested by the HCSO deputy, ONTIVEROS-RIVERA, E for failing to ID a police officer without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on /3/2019.

111. On 7/5/2018, PEREZ, YVONNE LEE (HF) was arrested by the HCSO deputy CLINTON NASH, for failing to ID to a police officer without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/9/2018.

112. On 7/4/2018, THOMAS, STEPHEN AARON (WM) was arrested by the HCSO deputy, ANDRE TRAN, for Evading Arrest in a Vehicle without probable cause based on the allegations in the filed criminal complaint, as a result The

Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/6/2018.

113. On 7/3/2018, MCGEE, BREANNE (WF) was arrested by the HCSO deputies for Interference with emergency request for assistance without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/3/2018.

114. On 7/1/2018, SANCHEZ, ESTHER GUADALUP (HF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 5/6/2019.

115. On 7/1/2018, MORENO, KIRSTEN SUZANNE (WF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/23/2018.

116. On 8/19/2018, JOHNSON, GARY ALBERT (BM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris

County District Attorney's office was forced to dismiss the case in the defendant's favor on 5/8/2019.

117.  On 8/13/2018,HERNANDEZ, MELISSA DAWN (HF) was arrested by the HCSO deputies for failing to ID to an officer without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 10/17/2018.

118.  On 8/13/2018,ALMANZA-HERNANDEZ, LETICIA (HF) was arrested by the HCSO deputies for interference with duties public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/28/2021.

119.  On 8/13/2018, DRAYTON, DOMINIQUE (BM) was arrested by the HCSO deputies for interference with duties public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 9/22/2021.

120.  On 8/12/2018, JARAMILLO-MOTA, JUAN CARLOS (HM) was arrested by the HCSO deputies for failing to ID to an officer without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County

District Attorney's office was forced to dismiss the case in the defendant's favor on 8/13/2018.

121.   On 8/12/2018, SALAZAR, MIGUEL ANGEL (HM) was arrested by the HCSO deputies for interference w/emergency service req for assistance without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/22/2021.

122.   On 8/11/2018, SHORES, CORA YVONNE (WF) was arrested by the HCSO deputies for failing to ID to a police officer without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 8/13/2018.

123.   On 8/10/2018, ALVAREZ, NICHOLAS WAYNE (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 4/24/2019.

124.   On 8/9/2018, FLORES, JOHNSON SMITH (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris

County District Attorney's office was forced to dismiss the case in the defendant's favor on 3/13/2019.

125.    On 8/7/2018, HERNANDEZ, JULIAN ANGELLO (HM) was arrested by the HCSO deputies for failing to ID to a police officer without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 11/8/2018.

126.    On 8/7/2018, SPEARS, ERIC (BM) was arrested by the HCSO deputies for evading arrest without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 11/15/2019.

127.    On 8/6/2018, WOODS, PATRICK (BM) was arrested by the HCSO deputies for evading arrest without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 2/7/2019.

128.    On 8/6/2018,VALENCIA, JESUS (HM) was arrested by the HCSO deputies for failing to ID to an officer without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 3/26/2019.

129.  On 8/6/2018, WHITE, DESMOND (BM) was arrested by the HCSO deputies for evading arrest without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 2/5/2020.

130.  On 8/6/2018, HEBERT, KEITH (BM) was arrested by the HCSO deputies for evading arrest without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 4/24/2019.

131.  On 8/5/2018, VALASQUEZ-BORJAS, WILLMER ALEXI (HM) was arrested by the HCSO deputies for Evading Arrest in a Vehicle without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 10/2/2020.

132.  On 8/5/2018, SMITH, SINJIN (BM) was arrested by the HCSO deputies for Evading Arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 10/18/2018.

133.  On 8/5/2018, GARCIA, HERMAN HELAMA (HF) was arrested by the HCSO deputies for Evading Arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County

District Attorney's office was forced to dismiss the case in the defendant's favor on 10/1/2021.

134.    On 8/2/2018, CASTELLANO, ANGELITA (HF) was arrested by the HCSO deputies for Evading Arrest in a Vehicle without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 12/2/2020.

135.    On 8/2/2018, WATSON, RICKEY (BM) was arrested by the HCSO deputies for evading arrest without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 10/28/2019.

136.    On 8/1/2018, GALEANO, SANTOS (HM) was arrested by the HCSO deputies for interference with duties public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 11/8/2018. On 3/7/2018, BATTLE, STEVEN LEJOHN (BM) was arrested by the HCSO deputies for interference with duties public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/10/2018.

137.   On 3/11/2018, LAYMOND, KENEAU (BF) was arrested by the HCSO deputies for interference with duties public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 3/13/2018.

138.   On 3/11/2018, BONNER, CHRISTOPHER (BM) was arrested by the HCSO deputies for interference with duties public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 3/13/2018.

139.   On 3/11/2018, LAYMOND, AKIA (BF) was arrested by the HCSO deputies for interference with duties public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 3/13/2018

140.   On 3/11/2018, CHESTER, JESSE LEE III (BM) was arrested by the HCSO deputies for Evading Arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 4/5/2018.

141.   On 3/7/2018, BROOKS, CHASE ROSHAD (BM) was arrested by the HCSO deputies for interference with duties public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 3/9/2018.

142.   On 8/20/2018, YBARRA, AMERICO (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 1/24/2019.

143.   On 8/20/2018, SHUDY, AMBER (WF) was arrested by the HCSO deputies for Evading Arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 8/22/2018.

144.   On 8/19/2018, WESTMORELAND, DEVIN JAMAL (BM) was arrested by the HCSO deputies for Evading Arrest in a Vehicle without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/24/2019.

145.   On 3/7/2018, CHAVEZ, LUIS (HM) was arrested by the HCSO deputies for Evading Arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/7/2021.

146.   On 3/6/2018, MILAM, BRANDON JAMES (WM) was arrested by the HCSO deputies for failing to ID to a police officer without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 3/7/2018.

147.   On 3/6/2018, JACOBS, KATIE I. (WF) was arrested by the HCSO deputies for failing to ID to a police officer without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 3/7/2018.

148.   On 3/6/2018, NIXON, TASYA A (BF) was arrested by the HCSO deputies for interference with duties public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 10/30/2018.

149.   On 3/06/2018, DUBOSE, SCOTT BRIAN was arrested by the HCSO deputies for Evading Arrest/Detention without probable cause based on the

allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 6/13/2018.

150.    On 3/3/2018, VIDAS, DIMITRIOS JIMMY (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/23/2018.

151.    On 3/3/2018, MCGILBRAY, JAMARCUS (BM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 3/9/2018.

152.    On 3/2/2018, SANCHEZ, FERNANDO HERNANDEZ (HM) was arrested by the HCSO deputies for Evading Arrest in a Vehicle without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 5/11/2018.

153.    On 3/2/2018, FISHER, FREMON JAMAYL (BM) was arrested by the HCSO deputies for Evading Arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County

District Attorney's office was forced to dismiss the case in the defendant's favor on 11/15/2021.

154.    On 3/2/2018, ECHOLS, LILLIE R (BF) was arrested by the HCSO deputies for Evading Arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 3/5/2018.

155.    On 2/25/2018, RETA VILLAGRAN, ARNULFO (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 5/23/2018.

156.    On 2/25/2018, MALDONADO GUEVARA, RICARDO (HM) A was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 5/23/2018.

157.    On 2/24/2018,VASQUEZ, JOSUE OZIEL (HM )was arrested by the HCSO deputies for Evading Arrest in a Vehicle without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 6/15/2020.

158.    On 2/23/2018 ,JOHNSON, ANDRE EUGENE (BM) was arrested by the HCSO deputies for failing to ID to a police officer without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 8/17/2018.

159.    On 2/23/2018, MORALES, JANET (HF) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 5/17/2018.

160.    On 2/21/2018, RUBIO, OSCAR GABRIEL (HM )was arrested by the HCSO deputy Jesus Alanis for Interference with emergency request for assistance without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 11/2/2020.

161.    On 5/8/2018, HANSON, DEREK was arrested by the HCSO deputy, JOSE PAIZ,  for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 5/9/2018.

162.   On 5/8/2018, ROQUE PEREZ, JORGE (HM) was arrested by the HCSO deputy, Stephanie Rios, for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 5/9/2018.

163.   On 5/7/2018, MARTINEZ, SALVADOR (HM)was arrested by the HCSO deputy, ULISES GOMEZ, for failing to ID to a police officer without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 7/13/2018.

164.   On 5/6/2018, DICK, THOMAS was arrested by the HCSO deputy,  RAY, ADAM  for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 3/12/2019 after he wrote a letter of apology.

165.   On 5/5/2018, AGUILERA, ANDRES (HM)  was arrested by the HCSO deputy, ERIC SANCHEZ, for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 6/25/2018.

166.    On 4/30/2018, AMENDAREZ-ACOSTA, DANY YAMITH    (HM) was arrested by the HCSO deputies for Evading Arrest/Detention without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 8/21/2018.

167.    On 4/28/2018, IVSHIN, MAXIM (WM) was arrested by the HCSO deputy Stephanie Quintanilla    for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 4/30/2018.

168.    On 4/28/2018, CASTILLO-FLORES, REGINAL  (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 4/30/2018.

169.    On 4/28/2018, WING, ISRAEL ALEJANDRO  (HM) was arrested by the HCSO deputies for interference with public duties without probable cause based on the allegations in the filed criminal complaint, as a result The Harris County District Attorney's office was forced to dismiss the case in the defendant's favor on 4/30/2018.

170.    The majority of the unconstitutional conduct in arresting individuals who are either, Black males, Black females, Hispanic/Latino males, Hispanic/Latino females, and women was based on their race and genders without a compelling or important governmental interest.

171.    These individuals, like Mr. Williams, were targeted due to their national origin and or race. The discriminatory actions taken by the officers never resulted in any discipline by Ed Gonzalez in response to the overwhelming number of individuals whose rights were violated by his officers, after each complaint he and those who he delegated the duty to review complaints determined that the officers acted within the department's policy.

## CLAIMS

## Count I - Federal Civil Rights Claim Under 42 U.S.C. 1983 for Violation of the Fourth, Fourteenth Amendments, and Equal Protection

172.    Each of the Paragraphs in this petition is incorporated as if restated fully herein. The defendants Bolin, Kerrigan, Macias, John Doe, Harris County, and Ed Gonzalez acting jointly and in concert and conspiracy, violated plaintiff's rights under the United States Constitution to be free from racial profiling, unlawful arrest, unlawful use of excessive force, and malicious prosecution.

173.    The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately

caused by the actions and/or inactions of defendant Harris County Sheriff's Office ("HCSO"), which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Legal cause to stop, detain, arrest, and criminally charge a citizen;

b. The use of force by police officers;

c. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges;

d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

f. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

g. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, the use of force, and the institution of criminal charges under such circumstances as presented by this case;

h. The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other HCSO officials; and

i. The practice among HCSO officers of instituting false charges against individuals whom the officers have subjected to unlawful force with the intention of precluding such individuals from instituting civil claims.

174.    Mr. Williams minor son was denied equal protection and due process under the 1st and 14th amendments when the HCSO deputies interfere with his familial relationship with his father during the unlawful detention causing severe and lasting emotional distress and anxiety during the encounter, as he cried with fear and panic that resurfaces when he is the company of officers or sees officers while in public.

175.    Mr. Williams and other individuals in the area are often detained for the sole purpose of adding them to the Gang Tracker Database.

176.    The individuals are not provided notice.

177.    Williams and others like him were not stopped by HCSO officers to investigate a crime, nor are they in the commission of a crime, during the investigatory stop made by HCSO officers, they detained African Americans, and Latinos, like Mr. Williams without reasonable suspicion that any crime had been committed and proceeded to question them.

178.    Although the officers can be friendly, or not either way the individuals do not feel free to leave.

179.    These HCSO officers were not friendly when Mr. Williams was detained, but rather demanding.

180.   He was made to allow the officers to analyze his tattoos to determine if they were gang related.

181.   Mr. Williams does not have any gang related tattoos.

182.   During the unlawful stop made by HCSO officers, they detained and searched Mr. Williams, and other individuals without reasonable suspicion that any crime had been committed, and certainly without probable cause based on the allegations in the filed criminal complaint or warrant.

183.   The officers proceeded to question him and take more photographs of Mr. Williams.

184.   Again, Mr. Williams was not free to leave, and Mr. Williams did not feel free to leave.

185.   Mr. Williams was profiled because he was of his race, African American, and had tattoos despite the nature of the tattoos.

186.   There are eight criteria used to determine that a person is a gang member and should be documented, but only two of any of the eight criteria must be met.

187.   The eight criteria include:

i. a self-admission by the individual of criminal street gang membership that is not made during a judicial proceeding, including the use of the Internet or other electronic format or medium to post photographs or other documentation identifying the individual as a member of a criminal street gang;

ii. an identification of the individual as a criminal street gang member by a reliable informant or other individual;

iii. a corroborated identification of the individual as a criminal street gang member by an informant or other individual of unknown reliability;

iv. evidence that the individual frequents a documented area of a criminal street gang and associates with known criminal street gang members;

v. evidence that the individual uses, in more than an incidental manner, criminal street gang dress, hand signals, tattoos, or symbols, including expressions of letters, numbers, words, or marks, regardless of how or the means by which the symbols are displayed, that are associated with a criminal street gang that operates in an area frequented by the individual and described by Subparagraph (iv);

vi. evidence that the individual has been arrested or taken into custody with known criminal street gang members for an offense or conduct consistent with criminal street gang activity;

vii. (vii) evidence that the individual has visited a known criminal street gang member, other than a family member of the individual, while the gang member is confined in or committed to a penal institution; or

viii. evidence of the individual's use of technology, including the Internet, to recruit new criminal street gang members.

188.   The criterion "individual frequents a documented area of a criminal street gang" is an easy criterion to meet.

189.   In applying criteria, there is no consideration that a person may reside in a gang area with their families, or the motives of a "reliable informant or other individual" prior to entering a person into the gang database.

190.   Another criterion is self-admission. The self-admitted statement does not have to be recorded or documented, the allegation alone is sufficient.

191.   There is no officer training required relating to gang database entry.

192.    Mr. Williams is not a member of any street gang, but rather a talented artist, and working father.

193.   He has been unjustly documented as a street gang member.

194.   Additionally, Mr. Williams was never in the commission of a gang crime, under The Texas Code of Criminal Procedure 461, or any crime during either stop.

195.    Harris County has a policy that allows its officers to engage individuals to determine if they can identify any of the eight criteria, in violation of *Terry v. Ohio*.

196.    There is no requirement the HCSO officer advise the individual they are being documented as a gang member, the individual be notified of his entry into the gang tracker database as a documented gang member, or a requirement that the individual be allowed to respond to the allegation.

197.   The HCSO policy encourages officers to document members of African American and Latino communities, because although there are no accommodations or awards for such efforts the benefits come in the form of promotions, and acceptance into specialized elite units.

198.   When Mr. Williams was entered in the gang tracker database for the first time is unknown.

199.   He was not made aware at the time or after that he was being placed in the gang tracker database by HCSO.

200.   There is no policy in the HCSO that any person that is placed in the gang database is entitled to notice they have been placed in the gang tracker database.

201.   The database information is provided to potential employers, and local, state, and federal agencies, including court records used to enhance any crime outside domestic violence, and driving offenses causing prejudice.

202.   HCSO division rarely finds that non-minorities meet the criterion for entry into the gang database, and have only identified three white gangs operating in the area, Aryan Brotherhood, Peckerwood, and Aryan Circle.

203.   However, it is well known that the Aryan Brotherhood of Texas (ABT), Irish Mob, Dirty White Boys, White Knights of America, and the "White Knights," to name a few also operate in Harris County.

204.    There is no emphasis to place individuals that met the 2 of the 8 criterion in the gang database as members of non-minority gangs, although there are thousands of members of non-minority gangs in Harris County.

205.    Entry into the database affects a person to obtain jobs, housing, and is used against them in court proceedings.

206.    Individuals in the gang database are denied equal protection under the law as a result of the HCSO's unconstitutional practices targeting non-Caucasian minorities.

**Count II- Texas Constitution- Texas Constitutions Article I, Section 19**

207.    Each of the Paragraphs in this petition is incorporated as if restated fully herein. As described in the preceding paragraphs, Under, Texas Constitutions Article I, Section 19, Deprivation of Life, Liberty, Etc. due course of law. No citizen of this State shall be deprived of life, liberty, property privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land. Mr. Williams posed no threat of danger to Bolin or Macias, yet Mr. Williams was deprived of liberty by the unlawful arrest in front of his minor son by HSCO officers without justification, unreasonably and with excessive force. Mr. Williams is seeking declaratory relief to require discipline of officers who intentionally arrest individuals without probable cause based on the allegations in the filed criminal complaint and separate them from their children.

**Count III - State Law Claims Intentional Infliction of Emotional Distress**

208.    Defendants Bolin and Kerrigan's intentional and reckless conduct inflicted severe emotional distress upon both plaintiffs by their extreme and outrageous use of excessive force and racially motivated violence against Mr. Williams and his son. The Defendants' acts and omissions approximately caused both plaintiff's physical pain and emotional trauma. There is no alternative cause of action that would provide a remedy for the severe emotional distress caused by the Defendants' conduct against the minor bystander.

**Count IV - State Law Claims Assault and Battery**

209.    Deputies Bolin and Kerrigan both committed unwarranted battery against Mr. Williams by kicking, punching, and slamming him causing him physical and emotional and mental injuries.

**Count V - State Law Claims False Imprisonment**

210.    As a result of Bolin and Kerrigan's illegal and unconstitutional actions, Mr. Williams was falsely imprisoned from May 10 through May 18, 2022 in various forms.

211.    Further and as a result of Bolin and Kerrigan's action, XW was detained without consent or authority of law while his father was being beaten and illegally arrested.

**Relief**

Plaintiff prays that he has a judgment against Defendants for actual damages

shown and proven at trial, for prejudgment, post-judgment interest, for costs

of court, and all other relief, legal and equitable, to which he is entitled.

Wherefore, Plaintiff requests this Court to Order:

1.     Compensatory damages;
2.     Past pain and suffering
3.     Mental anguish
4.     Physical Impairment
5.     Punitive damages against the individual defendants;
6.     Attorney's fees and costs pursuant to 42 USC Sec.1988;
7.     All other appropriate relief.
Plaintiff hereby demands a jury trial.

Respectfully submitted,

By: /s/Terry Henderson Peden
TERRY HENDERSON PEDEN
ATTORNEY FOR THE PLAINTIFFS
TX Bar Card No.: 24123963
The Law Group of THP, PLLC.
P.O. Box 1410
Houston, Texas 77251
Phone: 334-544-9471
Fax: +1334-460-9844
Email: THP@thelawgroupofTHP.com
Lead Counsel for Plaintiff

By: /s/ U.A. Lewis
U.A. Lewis
Texas State Bar No. 24076511
Federal Bar Number
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
T: (713) 570-6555
F: (713) 581-1017
myattorneyatlaw@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on January 23, 2022, I served a true and correct copy of the proceeding First Amended Complaint to all parties or counsel of record.

*/s/ U.A. Lewis*
U.A. LEWIS