# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ALEXANDER J. WILLIAMS., individually and as next friend of XW, minor. *Plaintiffs*, | § § § Case. No. 4:23-cv-00302 § Jury Demanded § |
| VS. | § § |
| DEPUTY BOLIN individually, and in his official capacity; DEPUTY DANIEL KERRIGAN individually, and in his official capacity; et al., *Defendants.* | § § § § § |

## PLAINTIFFS' RULE 60(b) MOTION TO VACATE DISMISSAL WITH PREJUDICE AND REOPEN CASE

TO THE DISTRICT JUDGE LEE ROSANTHAL

Plaintiffs move under Rule 60(b)(1), (5), and (6) to reconsider, alter and amend the judgment and vacate the November 12, 2025 dismissal order and reopen this case. The dismissal with prejudice, issued without notice, without a single missed deadline, without a violation of any court order, and while Plaintiffs stood trial-ready, squarely violates controlling Fifth Circuit law. The Court's memorandum makes clear that the dismissal was based solely on a perceived period of docket inactivity, not on any failure to prosecute under Rule 41(b). That is not a legally valid basis.

Fifth Circuit authority leaves no room for doubt: dismissal with prejudice requires (1) clear delay attributable to the plaintiff, (2) notice or warning, (3) aggravating factors such as contumacious conduct, and (4) consideration of lesser sanctions. This record satisfies none of those requirements. The order must be vacated.

## Introduction

On November 12, 2025, the court dismissed this case with prejudice under Rule 41(b), finding that the case had not moved forward after Defendants filed amended answers in May 2024. The court advised Plaintiffs that they could seek relief under Rule 60(b) upon a proper showing.

At no point did Plaintiffs abandon this case. This case was filed in October 2024, Plaintiffs have at all times complied with each and every court order. All deadlines and other pretrial orders and rules have been met, Plaintiff participated fully in discovery without any complaints of bad faith conduct by the parties or a need for court intervention. There has been no failure to appear at hearings, no show cause requirements, but more importantly no warning of dismissal, if Plaintiff does not request the court to issue a docket call and or trial date.

## ARGUMENT AND AUTHORITIES

**Rule 60(b) Standard**

Rule 60(b)(1), (5), and (6) permit relief from a final judgment when the judgment results from mistake, when applying it prospectively would be inequitable, or when extraordinary circumstances justify reopening. Dismissals with prejudice for want of prosecution are reviewed under strict standards because they operate as merits adjudications. The Fifth Circuit repeatedly holds that such dismissals are appropriate only when there is a clear record of delay or contumacious conduct; aggravating factors are present; the plaintiff was given notice or warning; and lesser sanctions were considered. *Berry v. CIGNA*, 975 F.2d

1188, 1191–92 (5th Cir. 1992); *Rogers v. Kroger Co.*, 669 F.2d 317, 320–21 (5th Cir. 1982); *Coleman v. Sweetin,* 745 F.3d 756, 766–67 (5th Cir. 2014). Failure to satisfy any of these requirements ordinarily mandates reversal.

## I. Fifth Circuit Law Creates a High Bar for Dismissals With Prejudice

The Fifth Circuit has repeatedly held that a dismissal with prejudice is the harshest sanction available and is reserved for "only the most egregious" cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Dismissal with prejudice requires "a clear record of delay or contumacious conduct" and "a finding that lesser sanctions would not serve the best interests of justice." *Coleman v. Sweetin*, 745 F.3d 756, 766–67 (5th Cir. 2014). Dismissal with prejudice is improper absent aggravating factors such as "death penalty" level conduct; the court must consider lesser sanctions. *Rogers v. Kroger Co.,* 669 F.2d 317, 320–21 (5th Cir. 1982). Dismissal with prejudice reversed because the plaintiff did not receive notice; mere periods of inactivity are not enough. *Sealed Appellee v. Sealed Appellant*, 452 F.3d 415, 417 (5th Cir. 2006). Notice is a critical prerequisite before dismissal. *Gates v. Strain*, 885 F.3d 874 (5th Cir. 2018). Affirming only because the plaintiff had multiple violations and ignored explicit orders; warning was given. *Nottingham v. Warden,* 837 F.3d 438, 440–41 (5th Cir. 2016). Dismissal proper only when the plaintiff fails to comply with orders; multiple warnings present. The Fifth Circuit requires all four elements:

1. Clear record of delay

2. Aggravating factors

3. Notice

4. Lesser-sanction analysis

Failure on any element mandates reversal. This case fails all four.

## II. The Record Shows Zero Delay, Zero Orders Violated, and No Contumacious Conduct

The Court's order states the case "has not moved forward" since Defendants filed amended answers in May 2024. That is not "delay" under Fifth Circuit standards. Fifth Circuit cases require the violation of deadlines, ignoring discovery obligations, ignoring court orders, refusing to participate in conferences, or failure to attend hearings for example.

None of that occurred here.

Plaintiffs completed discovery, complied with every court order, had no outstanding obligations, and were awaiting in a trial setting. The Fifth Circuit has repeatedly reversed dismissals where the district court misinterprets ordinary docket lull or procedural posture as "failure to prosecute." *Rogers*, 669 F.2d at 321.

## III. Plaintiffs Received No Notice or Warning

Fifth Circuit Reverses Dismissals on This Basis Alone and this factor alone requires Rule 60(b) relief. The Fifth Circuit is unforgiving when dismissal occurs without prior notice. *Rogers,* 669 F.2d at 320–21 (reversing dismissal with prejudice because the plaintiff received no advance warning), *Sealed Appellee,* 452 F.3d at 417 (notice is required even when delay is substantial), *Coleman*, 745 F.3d at 766 ("Dead-letter warnings from the court are indispensable before imposing dismissal with prejudice.").

Here, the Court issued no order to show cause, no order requiring action, no directive signaling danger of dismissal; no warning at all.

The Fifth Circuit has never upheld a dismissal with prejudice in a case with zero notice.

## IV. The Court Did Not Identify Any Aggravating Factors

The Fifth Circuit recognizes only three aggravating factors that includes a delay caused by plaintiff, not counsel; actual prejudice to the defendant; intentional misconduct. *Berry, Coleman, Rogers.* None exists here.

The supposed "delay" was not delay, Plaintiffs had completed discovery, no prejudice exists; no witness lost, no evidence stale, no pending deadlines, no misconduct occurred; Plaintiffs followed the normal progression of a civil rights case.

The Fifth Circuit overturns dismissals without aggravating factors even when the plaintiff has been dilatory. *Rogers*, *Berry*.

## V. The Court Did Not Consider or Mention Lesser Sanctions Before Dismissal

The court must consider lesser sanctions and explain why they would be inadequate. The Fifth Circuit requires explicit lesser-sanction consideration on the record. *Berry*, 975 F.2d at 1191–92, *Coleman*, 745 F.3d at 767, *Rogers*, 669 F.2d at 321.

The dismissal order contains no discussion of monetary sanctions, warning, order to show cause; scheduling order, dismissal without prejudice.

Because dismissal with prejudice was imposed without satisfying this requirement, the order cannot stand.

## VI. This Dismissal Conflicts With Fifth Circuit Precedent and Constitutes Mistake, Injustice, and Mets Standard of Extraordinary Circumstances Under Rule 60(b)

The dismissal stems from a legal and factual mistake regarding the case's procedural posture and Plaintiffs' diligence.

Rule 60(b)(5)

It is inequitable to allow a merits-ready civil-rights case to be terminated by an unwarned procedural sanction that defies Fifth Circuit precedent.

Extraordinary circumstances exist requiring the court to invite the Rule 60 motion, because Plaintiffs did not abandon the case, since the dismissal, the included declaration reveals to the court that discovery had been completed, Plaintiffs were awaiting a trial setting orders, there was no missed deadline or violation of any court order. Further, the court issued no notice or warning before dismissal; and no prejudice to Defendants will occur since if the defendant wished to seek dismissal it could have but did not. The parties are completely trial-ready; the sanction is the harshest available; no warning was given. These circumstances justify reopening.

## **VII. Plaintiffs Have Always Intended, and Still Intend, to Fully Prosecute This Case**

Plaintiffs stand ready for trial immediately. Plaintiffs completed discovery and were awaiting the standard next phase of civil litigation. The dismissal struck without warning and contrary to Fifth Circuit procedural norms. That is the definition of Rule 60(b) grounds.

## **VIII. Relief Requested**

Plaintiffs respectfully request the court vacate the dismissal with prejudice, reopen the case, order mediation, enter trial setting, and any other relief necessary to restore Plaintiffs' opportunity to have their claims decided on the merits. The Fifth Circuit's standards require reinstatement of this action as this Court suggests with the invitation to file this motion. Plaintiffs have demonstrated good cause, inequity, and extraordinary circumstances that warrant relief under Rule 60(b). The court should grant Plaintiffs' Rule 60(b) Motion, and

vacate the November 12, 2025 dismissal with prejudice; reopen this case; issue an order for docket call and set this matter for trial.

Respectfully submitted,

By: /s/ U.A. Lewis
U.A. Lewis
Texas State Bar No. 24076511
Federal Bar Number 1645666
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
T: (713) 570-6555
myattorneyatlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all parties by ECF electronic filing service on December 4, 2025.

**/s/ U.A. Lewis**
**U.A. Lewis**

# DECLARATION

I, U.A. Lewis, declare pursuant to 28 U.S.C. § 1746 as follows I am counsel of record for Plaintiffs Alexander J. Williams and X.W. I have personal knowledge of the matters stated in this declaration. At all times relevant, Plaintiffs intended to fully prosecute this civil-rights action. At no point did Plaintiffs abandon this case or fail to comply with a court order. After the Court ruled on the motions to dismiss in February 2024, only the excessive-force and punitive-damages claims against Deputies Bolin and Kerrigan remained. The parties proceeded through discovery civilly. There was no need for court intervention so there were no filings necessary and left the court without knowledge of what was happening in the case. The parties engaged in extensive discovery. Written discovery was exchanged, depositions were taken, and no outstanding discovery disputes occurred for either party. No discovery motions were necessary although discovery occurred. Following discovery, the normal progression of a federal civil-rights case is either (1) settlement efforts by the parties (2)dispositive motions by defendants, or (3) a trial-setting order by the Court. Plaintiffs were awaiting either next step. No summary judgment motion was filed by Defendants. Plaintiffs therefore had no obligation to prepare or file any response. The Court did not issue a trial setting order requiring pre-trial filings, and did not issue any directive requiring Plaintiffs to take additional action. Plaintiffs did not miss any deadline in this case. Plaintiffs did not violate a court order. Plaintiffs did not ignore a directive from the Court. Before dismissing the case, the Court did not issue a show-cause order, did not provide any notice or warning, and did not otherwise inform Plaintiffs that dismissal was being contemplated.

No prejudice to Defendants resulted during the period before dismissal, since defendants made no effort to dismiss the case through its own dismissal motion or motion for summary judgment.

No witness became unavailable. Plaintiffs are fully ready to proceed to trial when the dismissal was entered. The dismissal with prejudice was unexpected and inconsistent with the procedural posture of the case as understood by counsel based on normal federal civil-rights litigation practice. Plaintiffs continue to intend to prosecute this serious constitutional rights case to final judgment on the merits and remain ready for trial. I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 4, 2025, in Houston, Texas.

*U.A. Lewis*
*Counsel for the Plaintiff*